[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is a tax appeal by the owners of ninety-eight units in a condominium complex known as Countrywood Hills, located at 380 Hitchcock Road, Waterbury. In their ninety-eight count amended complaint, the condominium owners contest the valuation of the condominium units by the assessor for the City of Waterbury (city) on the grand lists of October 1, 1995 through October 1, 2000. The last city-wide revaluation took place on October 1, 1980, over twenty years ago.
The plaintiffs claim that the assessor is bound by a determination of value made by the superior court in Ghent v. Board of Tax Review, judicial district of Waterbury, Docket No. 54165 (April 13, 1983, Flanagan, J.). In that case, the court determined the value of unit 10-2
in the Woodhaven Condominiums on 65 Brentwood Drive, as of the revaluation date of October 1, 1980. In that case, the assessor had arrived at a fair market value of $29,714 in 1979, and $35,411 in 1980, 1981 and 1982. The court, without conducting a written analysis of the evidence introduced, stated in its decision: "Taking into consideration CT Page 15941-fj all of the evidence, it is concluded that the fair market value of the involved property for the years 1979 and 1980 is $29,714, and for the years 1981 and 1982 is $34,111. Judgment may enter accordingly."
In their brief, the plaintiffs describe the issue before this court as follows: "[This case] is one of more than twenty . . . appeals taken in 1995, each representing a different Waterbury condominium complex. The issues in each appeal were substantially the same, but not identical. The first appeal, Torres v. City of Waterbury, 249 Conn. 110 (1998) was tried to this court and appealed to the State Supreme Court. The Supreme Court did not decide the issue of collateral estoppel based on a previous tax appeal. That issue, collateral estoppel, is the basis of our appeal." (Plaintiffs' brief, p. 1). The plaintiffs further argue that this court must also decide on the credibility of the plaintiffs' appraiser, Walter Kloss, and the city's appraiser, Armand Carbone. This claim arises in the following context:
 Beyond collateral estoppel the court must decide which appraisal to accept. Walter Kloss, [plaintiffs'] appraiser, used 1990-1991 as a comparative year for his sales analysis. He testified the year 1990-1991 was a "stable market" with no adverse influences from outside to find true market sales (transcript 5 lines 20-27). His report states "Because of the uneven pricing structure of the original construction and the variable success rate of individual complexes only the 1990 and 1991 time period existed with any equity existing between the complexes. Parity existed.."
 In contrast, Armand Carbone, the City of Waterbury appraiser (transcript page 5 lines 20-27) used 1987 as a comparative year. This is despite the fact that he admitted that the 1987 real estate market was booming in Waterbury (transcript page 24 lines 1-2) This happens to be the year Countrywood Hills came onto the Waterbury grand list. Mr. Carbone testified that he used this year not because it was a better year but that it was when Countrywood Hills came on line (transcript page 25 lines 13, 14).
(Plaintiffs' brief. p. 2).
The plaintiffs' basic premise on the issue of collateral estoppel is that the decision of Judge Flanagan regarding the fair market value of CT Page 15941-fk Woodhaven condominium unit 10-2 in 1983, precludes the assessor from using any other comparable sale in determining the fair market value of the ninety-eight condominium units located in a completely different condominium complex, because the Woodhaven condominium complex was the only condominium complex in existence as of the October 1, 1980 revaluation date. The plaintiffs' theory is that since the issue of the value of the Woodhaven unit was litigated between the city and a property owner, the decision of the court as to the value of the Woodhaven unit would bind the city assessor to value all condominiums in the city based upon that one litigated property until the next revaluation date.
"[C]ollateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim. . . . Furthermore, [t]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceedings." (Citations omitted; internal quotation marks omitted.) Mazziotti v. Allstate Insurance Company,240 Conn. 799, 812-13, 695 A.2d 1010 (1997), quoting Crochiere v. Boardof Education, 227 Conn. 333, 345, 630 A.2d 1027 (1993). The issue in theGhent case was the fair market value of unit 10-2 in the Woodhaven complex. The issue in this case is the fair market value of ninety-eight units in the Countrywood Hills complex. While the value established by the court in Ghent may be conclusive with respect to unit 10-2 in the Woodhaven complex until the next revaluation, this court is not bound by the determination of value of a completely different piece of property when determining the value of the units in Countrywood Hills. The value of the Woodhaven unit may be considered as a comparable sale, taking into consideration any adjustments for factors such as building quality, location and amenities.
The Countrywood Hills condominiums were built in 1987. The complex contains two and three bedroom units with good landscaping, central air conditioning, and garages for all units. The complex is located in the west end of the city near the Cheshire town line and Interstate I-84. On the other hand, the Woodhaven units were built between 1976 and 1979 in a mixed commercial/residential neighborhood near Meriden Road. The Woodhaven units did not have central air conditioning, nor anything but minimum landscaping and a few garages. (See Trial Transcript, testimony of Carbone, pp. 10-14). We are not persuaded that the decision by Judge Flanagan as to the valuation of one unit in Woodhaven sets the criteria for valuing all other condominiums in the city of Waterbury until the next city-wide revaluation. We find little similarity between the Woodhaven condominium project and the Countrywood Hills condominium CT Page 15941-fl project to form a basis for the plaintiffs to rely on collateral estoppel to establish their claim that their condominiums in Countrywood Hills were overassessed by the assessor for the city of Waterbury on the list of October 1, 1980.
We need not dwell on the issue of which appraisal to accept. In Connecticut, a property tax appeal is not an administrative appeal that reviews the action of the assessor in placing value on property in the city. A property tax appeal is a de novo action in which the only issue is what is the fair market value of the property as determined by the court. Torres v. Waterbury, supra, 249 Conn. 117. "At the de novo proceeding, the taxpayer bears the burden of establishing that the assessor has overassessed its property. . . . The trier of fact must arrive at his own conclusions as to the value of the [taxpayer's property] by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and his own general knowledge of the elements going to establish value." (Citation omitted; internal quotation marks omitted.). Torres v.Waterbury, supra, 249 Conn. 117-18, quoting Ireland v. Wethersfield,242 Conn. 550, 556-57, 698 A.2d 888 (1997).
In Torres v. Waterbury, judicial district of Waterbury, docket no. CV 95-0567904 (May 8, 1998), we held that we could not accept Kloss's use of 1990-91 to trend back the value of property to October 1, 1980 rather than 1987 when the subject property came on the market. Id., p. 8. The Supreme Court in Torres affirmed our decision finding the method of valuation used by Kloss to be unpersuasive. Torres v. Waterbury, supra,249 Conn. 123-24. Our position has not changed.[1] We find the testimony of Carbone (see Trial Transcript, pp. 19-23) to be a reasonable and credible analysis regarding the value of the Countrywood Hills units on the grand list of October 1, 1980.
In conclusion, we find nothing to support the plaintiffs' claims that their condominiums in Countrywood Hills were overassessed on the grand list of October 1, 1980. We sympathize with the plaintiffs that there has been no revaluation of real estate in Waterbury since October 1, 1980. However, the sole function of this court in this tax appeal is to determine whether the plaintiffs are aggrieved in that their property has been overassessed, and if so, what is the fair market value of the subject property as of the revaluation date. In this case, for the reasons stated above, we find that the plaintiffs have not sustained their burden of proving that the Countrywood Hills condominium units were overassessed on the October 1, 1980 grand list. CT Page 15941-fm
Accordingly, judgment may enter in favor of the defendant city dismissing this appeal without costs to any party.
 Arnold W. Aronson Judge Trial Referee